# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

STEPHEN REESE,                *

    *Plaintiff*,                      *

v.                                          *      Case No. RDB-17-3085

H&S BAKERY, INC., *et al.*,         *

    *Defendants*.                  *
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **MEMORANDUM OPINION**

Plaintiff, Stephen Reese ("Mr. Reese" or "Plaintiff"), initially filed the instant lawsuit against Defendant H&S Bakery, Inc. ("H&S"). Count I of his original Complaint (ECF No. 1) alleges retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* ("Title VII"), and Count II of his Complaint alleges retaliation under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"). Plaintiff subsequently filed a First Amended Complaint to add Automatic Rolls of New Jersey, Inc. ("ARNJ") and Northeast Foods, Inc. ("NEF") as co-defendants allegedly liable under the same two counts. (ECF No. 7.)

Pending now are H&S's original Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 4), Defendants' joint Motion to Dismiss the First Amended Complaint (ECF No. 12), and Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 19). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, H&S's initial Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 4) is MOOT, and the Defendants' joint Motion to Dismiss (ECF No. 12), in which H&S

1

challenges both counts and in which ARNJ and NEF only challenge Count I, is GRANTED. As a result, H&S is DISMISSED as a party to this case, and the only claim to proceed against ARNJ and NEF will be Plaintiff's retaliation claim under § 1981 (Count II of the First Amended Complaint). Finally, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 19) is DENIED.

## **BACKGROUND**

Mr. Reese is an individual resident of New Jersey. (First Amended Complaint, ECF No. 7 at ¶ 5.)[1] The three Defendants "maintain[] a principal place of business and regularly carr[y] out business in Baltimore City, Maryland." (*Id.* at ¶¶6-8.) According to the Plaintiff, NEF and ARNJ merged with each other and other corporations in June 6, 1993. (*Id.* at ¶ 9.) Plaintiff alleges that "[o]n or around October 3, 2003, Plaintiff began working for Defendants as a Driver." (*Id.* at ¶ 20.)

On June 15, 2017, Plaintiff filed a Charge of Discrimination with the EEOC alleging race discrimination. (*Id.* at ¶ 26; ECF No. 20-2.) Plaintiff alleges that on June 25, 2017, the Defendants terminated his employment "in response to and retaliation for Plaintiff having filed a Charge of Discrimination with the EEOC." (*Id.* at ¶ 27.)

On July 13, 2017, Mr. Reese filed a second Charge of Discrimination against ARNJ with the EEOC alleging that the ARNJ had retaliated against him for filing the prior Charge of Discrimination with the EEOC. (ECF No. 7 at ¶ 30; ECF No. 12-3.) On July 25, 2017, the EEOC denied the Plaintiff's complaint and issued him a Notice of Right to Sue associated with his retaliation Charge of July 13, 2017. (ECF No. 7 at ¶ 31; ECF No. 12-4.)

---

[1] For the purposes of considering motions to dismiss under Rule 12(b)(6), the court must accept all well-pled allegations in a complaint as true. *Albright v. Oliver*, 510 U.S. 266, 268 (1994).

On October 23, 2017, Plaintiff filed his original Complaint (ECF No. 1) in the instant case against only H&S, alleging that H&S retaliated against him in violation of Title VII (Count I) and 42 U.S.C. § 1981 (Count II). The Complaint made no mention of Automatic Rolls of New Jersey ("ARNJ") or Northeast Foods ("NEF"). On November 20, 2017, H&S filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or in the alternative, a motion for summary judgment under Fed. R. Civ. P. 56. (ECF No. 4). In this motion, H&S argued that Plaintiff named the incorrect employer in his Complaint. (*Id.*)[2]

On December 4, 2017, Plaintiff filed the First Amended Complaint (ECF No. 7) adding ARNJ and NEF as co-defendants in the instant case. Mr. Reese now alleges that all three Defendants are the "same entity" and that "on or about October 3, 2003, Plaintiff began working for Defendants as a driver." (*Id.* at ¶¶ 11, 20.) Mr. Reese claims that all three Defendants retaliated against him in violation of Title VII (Count I) and 42 U.S.C. § 1981 (Count II). (*Id.* at 5-7.) On December 15, 2017, Defendants jointly filed a Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 12), which is tailored to each Defendant's circumstances. This motion has been fully briefed. (ECF Nos. 20, 24.)

On January 19, 2018, Plaintiff filed a Motion for Leave to File Second Amended Complaint. (ECF No. 19.) The Defendants have opposed this motion (ECF No. 21), but there has been no reply by the Plaintiff.

---

[2] Plaintiff responded on December 11, 2017(ECF No. 10), arguing that the First Amended Complaint (ECF No. 8), which had been filed in the interim, rendered moot this initial Motion to Dismiss by H&S (ECF No. 4).

# STANDARDS OF REVIEW

## I. Motion to Dismiss under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss under Rule 12(b)(6), the court must accept all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint therefore cannot rely upon "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, and courts are "not bound to accept as true a legal conclusion couched as a factual allegation," *id.* (quoting *Twombly*, 550 U.S. at 555). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, "[w]here a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Determining whether a plaintiff has stated a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A court may consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citations omitted). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

A motion to dismiss under Rule 12(b)(6) "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred," unless "facts sufficient to rule on an affirmative defense are alleged in the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009).

## II. Amendments under Rule 15

Under Rule 15(a), a party may amend a pleading once as a matter of course within "21 days after service of a responsive pleading," if such a response is required. Fed. R. Civ. P. 15(a)(1). After this initial window has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave

when justice so requires." Fed. R. Civ. P. 15(a)(2). While leave to file an amended complaint should be freely given when justice requires, it may be denied where the amendment would be futile. *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010). An amendment is futile when it is insufficient on its face. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). A district court properly denies leave to amend a pleading when a proposed amendment fails to "correct[] the fundamental defect in the complaint." *New Beckley Mining Corp. v. Int'l Union, United Mine Workers,* 18 F.3d 1161, 1164 (4th Cir. 1994).

Rule 15(c) governs whether an amended pleading "relates back to the date of the original pleading." Fed. R. Civ. P. 15(c)(1). When adding a new party, the amendment only relates back if:

(1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," Fed. R. Civ. P. 15(c)(1)(B)-(C);
(2) the new party "received such notice of the action that it will not be prejudiced in defending on the merits," Fed. R. Civ. P. 15(c)(1)(C)(i);
(3) the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," Fed. R. Civ. P. 15(c)(1)(C)(ii); and
(4) requirements three and four are satisfied "within the period provided by Rule 4(m)," Fed. R. Civ. P. 15(c)(1)(C).[3]

Regarding the second requirement, actual notice to a closely related corporation that shares attorneys with the new party may be sufficient, *Goodman v. Praxair, Inc.*, 494 F.3d 458, 474-75 (4th Cir. 2007), and a court should inquire into prejudice even where notice is established, *see e.g., Robinson v. Clipse*, 602 F.3d 605, 609 (4th Cir. 2010). As to the third requirement, the United States Court of Appeals for the Fourth Circuit has held that Rule 15(c) is not satisfied

---

[3] Both parties cite decisions, such as *Schiavone v. Fortune,* 477 U.S. 21, 29 (1986), that apply the statute of limitations time period, but the 1991 Amendment to Rule 15 changed that time period and explicitly abrogated *Schiavone. See* Fed. R. Civ. P. 15 Advisory Committee's Note (1991); Fed. R. Civ. P. 4 Advisory Committee's Note (2015).

when "the failure to name the prospective defendant in the original complaint was the result of a fully informed decision." *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 372 (4th Cir. 2014) (quoting *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 552, 130 S. Ct. 2485 (2010)). In other words, "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties" is not a "mistake" enabling relation back under Rule 15(c). *Tatum,* 761 F.3d at 372 (citing *Krupski,* 560 U.S. at 549). "[W]hen relation back is required to satisfy the statute of limitations, the burden is on the plaintiff to prove that Rule 15(c) is satisfied." *Covey v. Assessor of Ohio Cty.*, 666 F. App'x 245, 248 (4th Cir. 2016) (citing *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1200 (4th Cir. 1989)).

## **DISCUSSION**

### III. Motions to Dismiss

In the initial a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 4), H&S argues under Rule 12(b)(6) and Rule 56 that Plaintiff fails to establish that H&S was Mr. Reese's employer as required under Title VII and § 1981. After Plaintiff filed his First Amended Complaint (ECF No. 7), which adds Automatic Rolls of New Jersey ("ARNJ") and Northeast Foods, Inc. ("NEF") as Defendants, all three Defendants filed a joint Motion to Dismiss (ECF No. 12) in which H&S argues that the First Amended Complaint again fails to state a claim that H&S was his "employer" and, alternatively, that Plaintiff failed to exhaust his administrative remedies against H&S as

7

required under Title VII (Count I). ARNJ and NEF argue in the motion that the Title VII claim (Count I) against these entities is barred by the statute of limitations.[4]

A. Mootness

Plaintiff argues that H&S Bakery's initial Motion to Dismiss (ECF No. 4) is moot because Plaintiff has filed an amended complaint. (P.'s Resp. Mot. Dismiss, ECF No. 10-1 at 3-4.) H&S contends that its initial motion is not moot because an amended complaint does not *automatically* render moot a prior motion to dismiss, especially where the same defects remain. (ECF No. 12-1 at 8 (citing *Taylor v. Delmarva Power & Light Co.*, Case 1:10-cv-01796-RDB, at *4 (D. Md. July 19, 2011); *Contreras v. Thor Norfolk Hotel, L.L.C.*, 292 F. Supp. 2d 798, 800 n.1 (E.D. Va. 2003); 6 Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1476 (3d ed. 2010)).) While the filing of Plaintiff's First Amended Complaint did not automatically render moot the initial Motion to Dismiss, H&S joined ARNJ and NEF in submitting a subsequent Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 12) that asserts the same argument and effectively incorporates its prior motion by reference. (*See* ECF No. 12-1 at 8.) Accordingly, this Court will consider all arguments advanced by H&S in support of dismissing the Plaintiff's claims, but H&S's initial Motion to Dismiss (ECF No. 4) will be deemed MOOT.[5]

---

[4] As an initial note regarding materials considered under Rule 12(b)(6), both of Plaintiff's EEOC Charges are integral to the complaints in this case. *See Stennis v. Bowie State Univ.*, 236 F.Supp.3d 903, 907 n. 1 (D. Md. 2017) (explaining that "the EEOC charge and its related documents are integral to the Complaint"); *Bowie v. Univ. of Maryland Med. Sys.*, No. ELH-14-03216, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint." (citations omitted)).

[5] Plaintiff also argues that the Defendants' Motion to Dismiss the First Amendment Complaint (ECF No. 12) is moot based upon Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 19). This Court has not granted such leave, and the Plaintiff's mootness argument as to the Motion to Dismiss the First Amended Complaint based on the contents of the *proposed* Second Amended Complaint will be addressed in the context of his Motion for Leave to File Second Amended Complaint. *See infra.*

### B. H&S Bakery

#### 1. Parent Company Liability

Title VII and § 1981 proscribe retaliation by the "employer" of a protected employee. *See* 42 U.S.C. § 2000e(b) (definition of "employer"); 42 U.S.C. § 2000e-2 (violation for "employer" to discriminate); 42 U.S.C. § 2000e-5(g) (relief for violation of § 2000e-2); *Betof v. Suburban Hospital Inc., et al.*, 2012 WL 2564781, at *5 n. 7 (D. Md. June 29, 2012) (analyzing the "employer" requirement in Title VII and § 1981 identically) (citations omitted); *Lissau v. S. Food Serv., Inc.,* 159 F.3d 177, 180–81 (4th Cir. 1998) (finding that supervisors are not individually liable under Title VII). The Fourth Circuit has held that the doctrine of limited corporate liability applies in the employment discrimination context such that "a parent company is the employer of a subsidiary's personnel only if it [a] controls the subsidiary's employment decisions or [b] so completely dominates the subsidiary that the two corporations are the same entity." *Johnson v. Flowers Indus., Inc.,* 814 F.2d 978, 980 (4th Cir. 1987). Regarding the first prong, control of employment decisions may be established "[i]f the parent company hired and fired the subsidiary employees, routinely shifted them between the two companies, and supervised their daily operations." *Id.* at 981. These factors emphasize that a plaintiff must establish a persistent, ongoing "employment relationship" between the parent company and its subsidiaries' employees. *Id.* at 980.

As to the second prong, courts determine whether a parent and subsidiary are essentially the "same entity" by analyzing whether the subsidiary is "highly integrated with the parent's business operations." *Johnson,* 814 F.2d at 981; *see also Thomas v. BET Sound–Stage Restaurant/Brettco, Inc.,* 61 F. Supp. 2d 448, 456 (D. Md. 1999) (characterizing this prong as

the "integrated enterprise" theory). In making this assessment, courts have considered the following factors:

(1) "commingling of funds and assets," *Johnson*, 814 F.2d at 981;
(2) "the use of the same work force and business offices," *id.*;
(3) "severe undercapitalization of the subsidiary," *id.*;
(4) "fail[ure] to observe such basic corporate formalities as keeping separate books and holding separate shareholder and board meetings," *id.*;
(5) "centralized control of labor relations," *id.* at 981 n.1;
(6) the handling of a subsidiary's payroll, *id.* (citing *Armbruster v. Quinn,* 711 F.2d 1332, 1338 (6th Cir. 1983);
(7) supervision of a subsidiary's "daily operations, such as production, distribution, purchasing, marketing, advertising, and accounts receivable," *Thomas*, 61 F. Supp. 2d at 456 (internal citations omitted);
(8) "common management in the form of interlocking boards of directors and/or common officers and managers," *id.*; and
(9) the filing of joint tax returns, *id.*

Under both prongs, the doctrine of limited liability creates a "strong presumption that [the parent company] is not the employer of the [the subsidiary's] employees," and "the courts have found parent corporations to be employers only in extraordinary circumstances." *Johnson,* 814 F.2d at 981.

In this case, Plaintiff broadly asserts, "On or around October 3, 2003, Plaintiff began working for Defendants as a Driver." (ECF No. 7 at ¶ 20.) In response to Defendants' Motion to Dismiss (ECF No. 12), Plaintiff does *not* argue that the First Amended Complaint sufficiently alleges H&S was his *direct* employer, nor does he argue that H&S was a "joint employer," as that term is defined in *Butler v. Drive Automotive Industries of America, Inc.,* 793 F.3d 404, 408–09 (4th Cir. 2015). (*See* ECF No. 10-1 at 4-6; ECF No. 20-1 at 4.)[6] Rather, he argues that the following allegations enable him to pierce the corporate veil under the

---

[6] Indeed, his EEOC Charge for retaliation makes no mention of H&S and names "Automatic Rolls of New Jersey" as his "Employer." (ECF No. 12-3.)

"integrated enterprise test" laid out in *Johnson,* 814 F.2d at 981, and *Thomas*, 61 F. Supp. 2d at 456.

(1) "H&S controls the employment decisions of NEF and ARNJ," and "H&S completely dominates NEF and ARNJ such that the corporations are the same entity." (First Amended Complaint, ECF No. 7 at ¶¶ 10, 11.)
(2) H&S hired and fired employees for ARNJ and NEF. (*Id.* ¶¶ 12, 13.)
(3) The operations of all three Defendants were interrelated because (1) "as a truck driver for ARNJ, Plaintiff would sometimes be instructed to pick up a delivery from a Schmidt Baking Company location, which is a pick-up location that a H&S truck driver would normally handle" and (2) "a H&S truck driver would deliver from a Maryland H&S plant to a Connecticut H&S plant, and then Plaintiff would pick up that very same delivery, driving for ARNJ, and bring that delivery to individual restaurants in the New Jersey area." (*Id.* ¶ 14.)
(4) "The corporate offices for ARNJ were at the same location as the corporate offices for H&S." (*Id.* ¶ 15.)
(5) "Plaintiff's direct boss was Guy Jackson. Mr. Jackson's direct boss was Charles Paterakis of H&S." (*Id.* ¶ 16.)
(6) "H&S supervised the daily operations of ARNJ by conducting a mandatory conference call at 1:00 p.m. every day." (*Id.* ¶ 17.)
(7) Regarding common ownership and management, "William Paterakis is the head of NEF, John J. Paterakis Jr. is the head of sales for H&S, Charles Paterakis is the head of transportation and construction for H&S and Steve Paterakis is the head of the Schmidt baking division." (*Id.* ¶ 18.)
(8) "NEF maintained a centralized website for job applications to H&S, NEF and Schmidt Baking Company." (*Id.* ¶ 19.)
(9) "Plaintiff was originally hired by John Paterakis, who was one of the owners of H&S." (*Id.* ¶ 21.)
(10) "Plaintiff's Union informed him that the decision to terminate his employment came from the corporate office of H&S." (*Id.* ¶ 28.)

(ECF No. 20-1 at 4-7.) Each of these allegations is deficient, and even considering them together does not overcome the "strong presumption" that a parent is not the employer of a subsidiary's employees. *Johnson,* 814 F.2d at 981.

### a) Control of Employment Decisions

Regarding H&S control of employment decisions, Plaintiff recites in conclusory fashion that H&S hired and fired employees of ARNJ and NEF (ECF No. 7 at ¶¶ 10, 12,

11

13), one form of employment control under *Johnson*, 814 F.2d at 981. In terms of specific factual support, Plaintiff alleges that he "was originally hired by John Paterakis, who was one of the owners of H&S," (*id.* ¶ 21), but this assertion leaves open to speculation whether Mr. Paterakis was acting as an H&S owner at the time of hiring the Plaintiff. Plaintiff has also alleged that "Plaintiff's Union informed him that the decision to terminate his employment came from the corporate office of H&S." (*Id.* ¶ 28.) The Fourth Circuit in *Johnson* identified various non-dispositive factors for gauging whether an employment relationship exists between a parent company and its subsidiary's employees. The Fourth Circuit did not establish a "strong presumption" against an "employment relationship" with a parent company just to have it automatically overcome by an allegation that a parent company participated in the decision to fire the plaintiff. *See Johnson*, 814 F.2d at 981 (explaining that – when combined – control over hiring, firing, transfers, and daily operations might establish the parent as the employer).

Beyond Plaintiff's own hiring and firing, the First Amended Complaint fails to allege, let alone support with factual enhancement, that H&S "routinely shifted" employees among the companies, "supervised [the employees'] daily operations," or handled its subsidiaries' payroll. *Id.* at 981. Plaintiff alleges that "NEF maintained a centralized website for job applications to H&S, NEF and Schmidt Baking Company," (*id.* ¶ 19), but this arrangement, which makes no mention of ARNJ, merely exhibits coordination and concedes that NEF held a degree of control. At best, the non-conclusory factual allegations enable this Court to infer the *possibility* that plaintiff had an ongoing employment relationship with H&S, but this possibility does not plausibly establish an "extraordinary" case that defeats "the strong

12

presumption that [the parent] is not the employer of [its subsidiary's] employees," *Johnson*, 814 F.2d at 981.

### b) Integrated Operations

This Court now turns to the second *Johnson* prong, which asks whether the subsidiary is "highly integrated with the parent's business operations." *Johnson,* 814 F.2d at 981. Informed by H&S's initial Motion to Dismiss (ECF No. 4), Plaintiff appears to have amended his complaint with "scattered data points" aimed at fulfilling this test. *Taylor v. Delmarva Power & Light Co.*, 2011 WL 826356, *3 (D. Md. Mar. 7, 2011).

Plaintiff alleges that his pick-up location occasionally overlapped with H&S drivers and that, after an H&S driver dropped off a delivery Connecticut, "Plaintiff would pick up that very same delivery, driving for ARNJ, and bring that delivery to individual restaurants in the New Jersey area." (*Id.* ¶ 14.) These factual allegations are merely consistent with coordination between H&S and ARNJ and fail to give rise to a plausible inference of control by H&S. Plaintiff alleges, "The corporate offices for ARNJ were at the same location as the corporate offices for H&S," (*id.* ¶ 15), but separate offices at some unspecified location falls short of the companies using the exact same offices. *Johnson,* 814 F.2d at 981. Plaintiff alleges that his direct boss reported directly to "Charles Paterakis of H&S" (*id.* ¶ 16), but such an arrangement is quite common and has little to no probative value in this context. *Thomas,* 61 F. Supp. 2d at 456. Plaintiff alleges, "William Paterakis is the head of NEF, John J. Paterakis Jr. is the head of sales for H&S, Charles Paterakis is the head of transportation and construction for H&S and Steve Paterakis is the head of the Schmidt baking division." (*Id.* ¶ 18.) Even if it were reasonable to infer these individuals are members of the same family,

13

Plaintiff has not alleged any of these four individuals exercise control over more than one company, thereby failing to allege "common management." *Johnson*, 814 F.2d at 981; *Thomas*, 61 F. Supp. 2d at 456.

Plaintiff's most targeted allegation is that "H&S supervised the daily operations of ARNJ by conducting a mandatory conference call at 1:00 p.m. every day" (*id.* ¶ 17), but even this allegation fails to identify the topics discussed, "such as production, distribution, purchasing, marketing, advertising, and accounts receivable." *Thomas*, 61 F. Supp. 2d at 456. This daily phone call and the other allegations exhibiting coordination are "merely consistent" with integrated operations among the companies, which falls short of making out a plausible claim against H&S. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

Plaintiff has therefore not stated a plausible claim that H&S was his "employer" under Title VII or § 1981. Looking past conclusory statements, Plaintiff's scattered allegations of coordination fail to overcome the "strong presumption that [the parent company] is not the employer of the [the subsidiary's] employees." *Johnson,* 814 F.2d at 981. Accordingly, Plaintiff's claims against H&S will be dismissed. Having disposed of Plaintiff's claims against H&S under Rule 12(b)(6), this Court need not reach H&S's alternative administrative exhaustion argument under Rule 12(b)(1) or its alternative motion for summary judgment under Rule 56.

**C. ARNJ and NEF**

This Court now turns to ARNJ and NEF's argument that Plaintiff's Title VII claim (Count I) against them is barred by the statute of limitations.[7] To commence a Title VII suit,

---

[7] ARNJ and NEF do not challenge Plaintiff's § 1981 retaliation claim, which has a four-year statute of limitations. *Jenkins v. Gaylord Entm't Co.*, 840 F. Supp. 2d 873, 878 (D. Md. 2012) (citing *Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 382,

a plaintiff must file a timely charge of discrimination with the EEOC, obtain a Notice of Right to Sue from the EEOC, and file suit within ninety (90) days of receiving the Notice of Right to Sue. *See* 42 U.S.C. §§ 2000e-5(e) and (f); *Davis v. N.C. Dep't of Corr.,* 48 F.3d 134, 140 (4th Cir. 1995). Failure to file suit within ninety (90) days presents a non-jurisdictional defense that may be reached by a motion to dismiss under Rule 12(b)(6). *Roberts v. Am. Neighborhood Mort. Acceptance Co.,* No. JKB-17-0157, 2017 WL 3917011, *3 (D. Md. Sept. 6, 2017). Under Rule 12(b)(6), this Court may grant ARNJ and NEF's motion only if sufficient facts appear on the face of the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Plaintiff does not dispute that his Amended Complaint (ECF No. 7), which added ARNJ and NEF as Defendants, was filed more than 90 days after receiving the Notice of Right to Sue from the EEOC. (*See* ECF No. 20-1 at 10-11.) The parties' dispute focuses on whether the Amended Complaint relates back to the original Complaint, which was filed within the 90-day window.

> Under Rule 15(c) the amended pleading adding a new party only relates back if:
>
> (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," Fed. R. Civ. P. 15(c)(1)(B)-(C);
> (2) the new party "received such notice of the action that it will not be prejudiced in defending on the merits," Fed. R. Civ. P. 15(c)(1)(C)(i);
> (3) the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," Fed. R. Civ. P. 15(c)(1)(C)(ii); and
> (4) requirements three and four are satisfied "within the period provided by Rule 4(m)," Fed. R. Civ. P. 15(c)(1)(C).

---

124 S. Ct. 1836 (2004)) (finding that the four-year federal "catch-all" statute of limitations applies to a retaliation claim under § 1981).

"[W]hen relation back is required to satisfy the statute of limitations, the burden is on the plaintiff to prove that Rule 15(c) is satisfied." *Covey v. Assessor of Ohio Cty.*, 666 F. App'x 245, 248 (4th Cir. 2016) (citing *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1200 (4th Cir. 1989)). ARNJ and NEF contend that the Plaintiff has failed to establish the third and fourth requirements. (ECF No. 24 at 17-19.)[8]

The third requirement is not satisfied when "the failure to name the prospective defendant in the original complaint was the result of a fully informed decision." *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 372 (4th Cir. 2014) (quoting *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 552, 130 S. Ct. 2485 (2010)). In other words, "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties" is not a "mistake" enabling relation back under Rule 15(c). *Tatum*, 761 F.3d at 372 (citing *Krupski.* 560 U.S. at 549).

In an attempt to satisfy the third requirement, Plaintiff asserts that "in the first Motion to Dismiss filed by ARNJ's and NEF's counsel, they assert that ARNJ is the proper defendant in this action." (ECF No. 20-1 at 11.) While this fact appears to partially fulfill the third requirement, Plaintiff makes no attempt to establish that his decision to sue H&S alone in the original complaint was the result of a "mistake" or misunderstanding rather than a fully informed choice. Plaintiff has therefore failed to carry his burden to prove that the third requirement is fulfilled. *Covey,* 666 F. App'x at 248; *see also* Steven S. Gensler, *Rule15. Amended and Supplemental Pleadings*, 1 Fed. R. Civ. P., Rules and Commentary Rule 15 (Feb. 2018)

---

[8] Defendants also argue that this Court should deny relation back due to Plaintiff's "inexcusable neglect" (ECF No. 24 at 14-16), but the Defendant's own citation to *Goodman v. Praxair, Inc.*, 494 F.3d 458, 471 (4th Cir. 2017) concedes that "inexcusable neglect" is more properly considered under Rule 15(a), which governs leave to amend, than under Rule 15(c) governing relation back of amendments already entered. This Court will therefore strictly focus on the requirements for relation back under Rule 15(c).

(emphasizing plaintiff's burden to establish a mistake as opposed to deliberate decision). Given this failure, this Court need not analyze the fourth timing requirement. Accordingly, relation back under Rule 15(c) is not warranted, and the Title VII claim (Count I) against ARNJ and NEF shall be dismissed as facially barred by the statute of limitations.

## IV. Motion for Leave to File Second Amended Complaint

Having addressed Defendants' motions to dismiss related to the original and First Amended Complaint, this Court now turns to Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 19). Plaintiff seeks to add the following allegations, which have been inserted as paragraphs 20 to 27 in the proposed Second Amended Complaint.

> 20. Employees are routinely transferred between H&S and ARNJ and NEF.
> 21. H&S uses the same work force as ARNJ and NEF.
> 22. H&S handled ARNJ's and NEF's payroll.
> 23. H&S exercises more than general oversight of ARNJ's and NEF's operations by supervising ARNJ's and NEF's daily operations, such as production, distribution, purchasing, marketing, advertising, and accounts receivable.
> 24. H&S, ARNJ and NEF have common management in the form of interlocking boards of directors or common officers and managers.
> 25. H&S, ARNJ and NEF fail to observe basic formalities like keeping separate books and holding separate shareholder and board meetings.
> 26. H&S, ARNJ and NEF fail to maintain separate bank accounts.
> 27. H&S, ARNJ and NEF file joint tax returns.

(ECF No. 19-2 at ¶¶ 20-27.) Defendants argue that the proposed amendments fail to correct the fundamental defect in the First Amended Complaint, namely that Plaintiff has failed to make out a plausible claim that H&S was his employer. (ECF No. 21-1 at 4.) Defendant therefore asks this Court to deny leave to amend because the proposed amendment is "futile." *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010).

While any amended complaint would be expected to respond to the arguments in a prior motion to dismiss, "'labels and conclusions' or 'a formulaic recitation of the elements

17

of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's proposed amendments recite almost verbatim the factors to be considered under *Johnson,* 814 F.2d at 981, and *Thomas,* 61 F. Supp. 2d at 456, and are "devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. As such, Plaintiff essentially asks this Court to "accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). The conclusory additions proposed by the Plaintiff therefore do not change this Court's assessment – which is guided by "experience and common sense," *Iqbal*, 556 U.S. at 679 – of whether Plaintiff has made a plausible claim that H&S was his employer. Accordingly, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 19) is DENIED.

## CONCLUSION

For the reasons set forth above, H&S's initial Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 4) is MOOT, and the Defendants' joint Motion to Dismiss (ECF No. 12), in which H&S challenges both counts and in which ARNJ and NEF only challenge Count I, is GRANTED. As a result, H&S is DISMISSED as a party to this case, and the only claim to proceed against ARNJ and NEF will be Plaintiff's retaliation claim under § 1981 (Count II of the First Amended Complaint). Finally, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 19) is DENIED.

Dated: August 22, 2018

\_\_\_\_/s/_____
Richard D. Bennett
United States District Judge

18